UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| TERRANCE SWANN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00320-JPH-MJD |
| | ) | |
| MARK SEVIER, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER SCREENING THE AMENDED COMPLAINT
AND DIRECTING SERVICE OF PROCESS**

Plaintiff Terrance Swann, an inmate at Wabash Valley Correctional Facility, brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his amended complaint.

**I.
SCREENING STANDARD**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the amended complaint, or any portion of the amended complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the amended complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). To survive dismissal,

> [the amended] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

1

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). *Pro se* complaints such as that filed by the plaintiff are construed liberally and held to "a less stringent standard than pleadings drafted by lawyers." *Cesal*, 851 F.3d at 720.

## II.
## BACKGROUND

The amended complaint names the following defendants in their individual capacities: Mark Sevier, Mr. Fitch, Ms. French, Major Davis, Mr. Nelson, Mr. Bookout, and multiple John Does. Mr. Swann is seeking compensatory, punitive, and nominal damages.

Mr. Swann arrived at New Castle Correctional Facility ("NCCF") on March 4, 2020. He alleges that his cellmate, who was positive for hepatitis, would frequently smoke synthetic marijuana, become violent, assault him, and vomit in their cell. Mr. Swann brought these assaults to the attention of Warden Sevier, Mr. Fitch, Ms. French, Major Davis, Mr. Nelson and Mr. Bookout, but they took no action.

Sometime later, Mr. Swann was placed with a new cellmate with a history of mental illness and violent behavior that included assaults. On June 7, 2020, Mr. Swann pushed the intercom button to tell multiple John Doe defendants that he was having an issue with this cellmate, but they took no action. Mr. Swann was then physically assaulted by his cellmate. After the assault, Mr. Swann pushed the intercom button again to tell prison officials what had happened, but they took no action. On June 12, 2020, Mr. Swann was again assaulted by this cellmate.

The amended complaint also alleges that Major Davis, Mr. Fitch, and Ms. French placed Mr. Swann in administrative segregation following the assault on June 12, 2020, out of retaliation for verbal complaints and written grievances. The amended complaint also alleges that Mr. Swann's placement in long-term administrative segregation violates his due process right to meaningful and periodic reviews.

# III.
# DISCUSSION

This action is brought pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "[T]he first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Prison officials have a duty under the Eighth Amendment to protect prisoners from violent assaults at the hands of other inmates. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994).

Based on the screening standard set forth above, Mr. Swann's Eighth Amendment failure to protect claims **shall proceed** against Mark Sevier, Mr. Fitch, Ms. French, Major Davis, Mr. Nelson, and Mr. Bookout. Mr. Swann's First Amendment retaliation claim **shall proceed** against Mr. Fitch, Ms. French, and Major Davis.

All claims against the John Doe defendants are **dismissed.** Bringing suit against unnamed defendants in federal court is generally disfavored by the Seventh Circuit. *See Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) ("[I]t is pointless to include [an] anonymous defendant [ ] in federal court; this type of placeholder does not open the door to relation back under Fed.R.Civ.P. 15, nor can it otherwise help the plaintiff.") (internal citations omitted)).

To the extent Mr. Swann raises a claim that his long-term placement in administrative segregation violates his procedural due process right to meaningful and periodic reviews, that claim is duplicative of a claim he is already pursuing in a pending action before the Court. *See Swann v. Brown*, Case No. 2:19-cv-592-JMS-MJD.

This summary includes all viable claims identified by the Court. If Mr. Swann believes he has raised additional viable claims in the amended complaint, he shall have through **November 30, 2020**, to identify those claims.

## IV.
## SUMMARY AND SERVICE OF PROCESS

Mr. Swann's Eighth Amendment failure to protect claims **shall proceed** against Mark Sevier, Mr. Fitch, Ms. French, Major Davis, Mr. Nelson, and Mr. Bookout. His First Amendment retaliation claims **shall proceed** against Mr. Fitch, Ms. French, and Major Davis. All other claims are **dismissed**.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants, Ms. French, Mr. Nelson, and Mr. Bookout, in the manner specified by Rule 4(d). Process shall consist of the amended complaint, dkt. [15], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order. Mr. Sevier, Mr. Fitch, and Major Davis have already appeared by counsel and answered the amended complaint.

The **clerk is directed** to add Mr. Fitch, Ms. French, Mr. Nelson, and Mr. Bookout as defendants on the docket. The **clerk is directed** to remove "Assistant Warden of Operations for New Castle Correctional Facility" as a defendant on the docket.

**SO ORDERED**.

Date: 11/16/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

4

Distribution:

TERRANCE SWANN
956680
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

WARDEN MARK SEVIER
New Castle Correctional Facility
1000 Van Nuys Road
New Castle, IN 47362

MR. FITCH
New Castle Correctional Facility
1000 Van Nuys Road
New Castle, IN 47362

MAJOR DAVIS
New Castle Correctional Facility
1000 Van Nuys Road
New Castle, IN 47362

MR. BOOKOUT
New Castle Correctional Facility
1000 Van Nuys Road
New Castle, IN 47362

MR. NELSON
New Castle Correctional Facility
1000 Van Nuys Road
New Castle, IN 47362

MS. FRENCH
New Castle Correctional Facility
1000 Van Nuys Road
New Castle, IN 47362