UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| TERRANCE SWANN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00320-JPH-MJD |
| | ) | |
| MARK SEVIER, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**RECONSIDERATION OF DUE PROCESS CLAIM**

On November 16, 2020, the Court issued an order screening Mr. Swann's amended complaint. Dkt. 22. Mr. Swann's Eighth Amendment failure to protect claims were allowed to proceed against Mark Sevier, Mr. Fitch, Ms. French, Major Davis, Mr. Nelson, and Mr. Bookout. *Id.* His First Amendment retaliation claims were allowed to proceed against Mr. Fitch, Ms. French, and Major Davis. *Id.* His due process claim regarding his placement in administrative segregation was dismissed as duplicative of his due process claim in another pending case, *Swann v. Brown*, 2:19-cv-592-JMS-MJD. *Id.*

On November 23, 2020, Mr. Swann filed a response identifying a viable due process claim. He clarified that his due process claim in *Swann v. Brown* relates to the failure of officials at Wabash Valley Correctional Facility to provide him with meaningful and periodic reviews of his placement in administrative segregation, whereas his claim in the instant case relates to the failure of prison officials "to address why [he] was put on administrative segregation" at New Castle Correctional Facility. Dkt. 27, para. 4. Mr. Swann's claim that he was placed in administrative segregation improperly **shall proceed** against Major Davis, Mr. Fitch, and Ms. French as a claim that these defendants violated his due process rights. *See Sandin v. Conner*, 515 U.S. 472, 485–86 (1995). (A prisoner is entitled to due process before he loses liberty through a transfer from the

1

general population to atypically harsh confinement, like segregation.). "Due process" in transferring an inmate to a detention that deprives the inmate of liberty consists of, at most, "informal, nonadversary procedures" in a "reasonable time" with "some notice" of the prison's rationale for the transfer, an "opportunity [for the inmate] to present his views" in writing, and periodic reviews afterwards. *See Westefer v. Neal*, 682 F.3d 679, 684–86 (7th Cir. 2012) (quoting *Wilkinson v. Austin*, 545 U.S. 209, 212 (2005); *Hewitt v. Helms*, 459 U.S. 460, 476 (1983)).

**SO ORDERED**.

Date: 12/1/2020

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

TERRANCE SWANN
956680
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Adam Garth Forrest
BBFCS ATTORNEYS
aforrest@bbfcslaw.com