UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| TERRANCE SWANN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00320-JPH-MJD |
| | ) | |
| MARK SEVIER, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER SCREENING THE SECOND AMENDED COMPLAINT
AND DIRECTING SERVICE OF PROCESS**

Plaintiff Terrance Swann, an inmate at Wabash Valley Correctional Facility, brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his amended complaint.

**I.
SCREENING STANDARD**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the amended complaint, or any portion of the amended complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the amended complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). To survive dismissal,

> [the amended] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). *Pro se* complaints such as that filed by the plaintiff are construed liberally and held to "a less stringent standard than pleadings drafted by lawyers." *Cesal*, 851 F.3d at 720.

## II.
## BACKGROUND

The amended complaint names the following defendants in their individual capacities: Mark Sevier, Mr. Fitch, Ms. French, Major Davis, Mr. Bookout, Shane Nelson, Sammy Joseph, Justin Soldaat, Officer Dunn, and Jack Hendrix. Mr. Swann is seeking compensatory, punitive, and nominal damages.

On or around June 6, 2020, Mr. Swann was assaulted by his cell mate. The cell mate suffers from mental illness and has a history of prior assaults. Dunn was aware of the assault but took no action to provide Mr. Swann with access to medical care. Sevier, Fitch, Davis, Nelson, Bookout, Joseph, and Soldaat were informed of the assault but took no action to protect Mr. Swann from additional assaults. On June 11, 2020, Mr. Swann was assaulted again by the same cell mate.

Mr. Swann used the prison grievance process to complain about these assaults. He alleges that Fitch, French, and Davis had him reclassified to administrative segregation in retaliation for filing grievances. Hendrix made the ultimate decision to reclassify Mr. Swann to administrative segregation. Mr. Swann alleges that Sevier, Davis, Nelson, Fitch, French, and Bookout did not provide him with notice or an opportunity to be heard before he was placed in administrative segregation and later failed to provide him with meaningful reviews of his placement in administrative segregation.

Mr. Swann also alleges Bookout and Nelson violated his right to equal protection when they allowed white prisoners to be housed with cellmates of their choosing but denied the same privilege to black prisoners.

## III.
## DISCUSSION

This action is brought pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "[T]he first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Prison officials have a duty under the Eighth Amendment to protect prisoners from violent assaults at the hands of other inmates. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994).

Based on the screening standard set forth above, Mr. Swann's Eighth Amendment deliberate indifference to serious medical needs claim **shall proceed** against Dunn. His Eighth Amendment failure to protect claims **shall proceed** against Dunn, Sevier, Fitch, Davis, Nelson, Bookout, Joseph, and Soldaat. His First Amendment retaliation claims **shall proceed** against Fitch, French, and Davis. His Fourteenth Amendment due process claims **shall proceed** against Sevier, Davis, French, Fitch, Nelson, Bookout, and Hendrix. His Fourteenth Amendment equal protection claims **shall proceed** against Nelson and Bookout.

This summary includes all viable claims identified by the Court. If Mr. Swann believes he has raised additional viable claims in the amended complaint, he shall have through **April 6, 2021**, to identify those claims.

## IV.
## SUMMARY AND SERVICE OF PROCESS

Mr. Swann's Eighth Amendment deliberate indifference to serious medical needs claim **shall proceed** against Dunn. His Eighth Amendment failure to protect claims **shall proceed** against Dunn, Sevier, Fitch, Davis, Nelson, Bookout, Joseph, and Soldaat. His First Amendment retaliation claims **shall proceed** against Fitch, French, and Davis. His Fourteenth Amendment due

process claims **shall proceed** against Sevier, Davis, French, Fitch, Nelson, Bookout, and Hendrix. His Fourteenth Amendment equal protection claims **shall proceed** against Nelson and Bookout.

Sevier, Fitch, French, Davis, Nelson, and Bookout have already appeared in this action and are represented by counsel. They shall have **21 days** from the issuance of this Order to respond to the amended complaint.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Sammy Joseph, Justin Solaat, Officer Dunn, and Jack Hendrix, in the manner specified by Rule 4(d). Process shall consist of the amended complaint, dkt. [15], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to add Sammy Joseph, Justin Soldaat, Officer Dunn, and Jack Hendrix as defendants on the docket, and to reflect Defendant Nelson's name as Shane Nelson.

**SO ORDERED**.

Date: 3/23/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

4

Distribution:

TERRANCE SWANN
956680
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Adam Garth Forrest
BBFCS ATTORNEYS
aforrest@bbfcslaw.com

Electronic Service to the Following IDOC Defendant
    Jack Hendrix

Sammy Joseph
New Castle Correctional Facility
1000 Van Nuys Rd
New Castle, IN 47362

Justin Soldaat
New Castle Correctional Facility
1000 Van Nuys Rd
New Castle, IN 47362

Officer Dunn
New Castle Correctional Facility
1000 Van Nuys Rd
New Castle, IN 47362